GEORGE W. LEAVITT, APPELLEE, V. S. D. MERCER COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 19, 1902. No. 9,710.

Commissioner's opinion, Department No. 2.

1. Misjoinder: DEMURRER: REVIEW. Rulings upon demurrers for misjoinder of causes of action, will not be reviewed upon appeal.

2. ———: ANSWER: MISJOINDER ALSO PLEA TO MERITS. An answer setting up facts which go to show a misjoinder of causes of action, but are also material to the merits, no specific objection being made to the misjoinder, will not be taken to raise such defect.

3. Certificate of Tax Sale: PRESUMPTIVE EVIDENCE: BURDEN OF PROOF. The county treasurer's certificate of tax sale is presumptive evidence of a sale to the purchaser named therein, and the burden is upon defendants, who claim sale was made to some one else, to prove such fact.

4. "Forthwith." The word "forthwith" in section 111, article 1, chapter 77, Compiled Statutes, means as soon as the county treasurer, in the reasonable course of the orderly conduct of the business of his office, is prepared to receive and properly receipt for the moneys to be paid.

**5. Purchaser at Tax Sale:** DELAY IN PAYMENT. Delay of a purchaser at tax sale in paying to the treasurer the taxes and costs due on the land sold, owing solely to the large number of tracts of land to be sold, and inability of the treasurer, with the clerical force at his disposal, to make the sale in its regular order at an earlier date, does not invalidate a sale otherwise entirely regular.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. Rehearing of case reported in 61 Nebr., 874. *Judgment below modified.*

*Albert Swartzlander,* for apppellants.

*Henry P. Leavitt, contra.*

POUND, C.

This is a rehearing. At the former hearing the cause was disposed of on the authority of *Green v. Hellman,* 61 Nebr., 875. But the cases differ, in that in this case the lower court held the tax sale valid, and rendered a decree accordingly, whereas in the case cited the decree of the district court went on the theory of an irregular sale, and held the purchaser subrogated to the rights of the county. There the court, without passing upon the question here raised, held that, even if the sale was irregular, the taxes were not avoided by the irregularity. But the decree now before us requires us to construe section 111, article 1, chapter 77, Compiled Statutes, and determine what is meant by payment "forthwith," as there required.

Two other points have been urged upon the rehearing, which may be first disposed of. There seems to have been a misjoinder of causes of action in the petition. Demurrers were interposed upon that ground and overruled. It is clear that we can not review such rulings on appeal, as they are purely interlocutory in character. One of the defendants insists that it raised the objection in its answer. But no specific objection to that effect is to be found therein. Certain facts are set up which go to show a misjoinder. But they are also material to the merits,

particularly to any decree that might be rendered as to costs. We do not think the answer may be said fairly to take the objection. Of course, it can not be taken here in such case. *Claire v. Claire,* 10 Nebr., 54. It is also claimed that the evidence tends to show a sale to one Pierce, and not to the plaintiff's assignor. The county treasurer's certificate of tax sale was presumptive evidence of a sale to the purchaser named therein, and the burden was upon the defendants to prove a sale to some one else. *Battelle v. McIntosh,* 62 Nebr., 647. The treasurer's memorandum relied upon to contradict the certificate does not of itself meet this burden.

With respect to the principal point at issue, we think the decree is right, and that the former judgment should be adhered to. The district court found that the delay in payment "was owing to the fact that the public tax sales for said year were so large that the treasurer, with the clerical force at his disposal, was unable to make out the sale in question at an earlier date, making out said tax sales in their regular order," and that the "said delay was not chargeable to the purchaser at said sale." The word "forthwith," as used in the statute, must be given a reasonable construction consistent with the exigencies of business. So construed, we think it means as soon as the county treasurer, in the reasonable course of the orderly conduct of the business of his office, is prepared to receive and properly receipt for the moneys to be paid. To require the purchaser to pay before the treasurer can receive would be to hold that there can be but very few valid sales, whenever there are a large number to be made. A similar view was taken in construing the word "immediately," in *Huff v. Babbott,* 14 Nebr., 150. Turning to the statutes, we find that the receipt of money in payment of taxes by a county treasurer is hedged about with many formalities. He must "enter such payment in his book, and give a receipt therefor, specifying for whom paid, the amount paid, what year paid for, and the property and value thereof on which the same was paid," and said receipt must bear

7

his "genuine signature." He must also "enter the name of the owner or of the person paying the tax, opposite each tract or lot of land when he collects the tax thereon, and the post-office address of the person paying said tax." Compiled Statutes, ch. 77, art. 1, sec. 103. The receipt must "describe the land as it is described in the tax-roll and give the valuation thereof," and, in addition, "on the reverse side of the receipt there shall be a statement giving the amount of each kind of tax for each one hundred dollars." Sec. 104. Moreover, the treasurer "shall not receipt for more than one year's taxes on the same property in one tax receipt, but shall keep a separate and distinct series of numbers of receipts issued for the taxes of each year for which the same have been levied and assessed." Sec. 107. Having done all this, the treasurer must enter in his cash book "an account of all money by him received, specifying in proper columns provided for that purpose, the date of payment, the number of the receipt issued therefor, by whom paid, and on account of what fund or funds the same was paid, whether state, county, school, road, sinking fund, or otherwise, and the amount paid in warrants, orders, or receipts, each in a separate column, and the total amount for which the receipt was given in another column." Sec. 106. Next he "shall write on the tax lists, opposite the description of the real estate or personal property whereon the same were levied, the word 'paid,' together with the date of such payment, and the name of the person paying the same." Sec. 108. It must be apparent that there is a limit to the number of payments any treasurer and his deputies can receive in any one day under these statutory requirements. We ought not to ask purchasers to pay faster than the proper officials can take their money.

There seems to be a slight error in the decree in that it is made to bear ten per cent. interest from the first day of the term, contrary to the ruling of this court in *Merrill v. Ijams*, 58 Nebr., 706, 709. Appellee has offered to remit the excess over seven per cent., but we think it would be

proper to modify the decree to that extent in this court. Accordingly, we recommend that the decree be modified by providing that it bear interest at the rate of seven per cent. per annum, and that, so modified, it be affirmed.   .

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is modified by providing that it bear interest at the rate of seven per cent. per annum, and, as so modified, it is affirmed.

.   JUDGMENT ACCORDINGLY.