In the Matter of the Application of the County Collector for Judgment and Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1962 and Prior Years.

Petition of Geraldine D. Hoffmann for a Tax Deed.

Geraldine D. Hoffmann, Petitioner-Appellee, v. Helen E. Stuckslager and Walter N. Stuckslager, Objectors-Appellants.

Gen. No. 51,974.

First District.

February 20, 1970.

Jacob Shamberg and Ralph G. Scheu, of Chicago, for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Ronald Butler, Assistant State's Attorney, and Edward J. Hladis, Chief of Civil Division, of counsel), for County Collector.

Blair & Buyer of Chicago (Allan L. Blair and Bruce M. Buyer, of counsel), for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

Helen E. Stuckslager and Walter N. Stuckslager, her husband, appeal from a judgment order decreeing that Edward J. Barrett, County Clerk of Cook County, issue to Geraldine D. Hoffmann a tax deed to certain real estate.

The order found that at a sale of the lot for non-payment of general real estate taxes assessed and levied for the year 1962, Interstate Bond Company purchased the real estate; that it assigned the certificate of pur-

chase to petitioner, Geraldine D. Hoffmann; that the time of redemption had expired; that all notices required by law had been given; and that petitioner Hoffmann had complied with all provisions of law entitling her to a tax deed.

The appellants contend that the sale and certificate of purchase issued thereon are invalid, null and void since the tax-sale purchaser did not, on the date of offer for sale, forthwith pay in cash to the County Collector for taxes, interest and costs as advertised in the sale, as required by Section 247 of the Revenue Act of 1939, as amended (Ill Rev Stats 1965, c 120, par 728); that the notice served on the husband, Walter N. Stuckslager, did not comply with the statutory requirements since he was not specifically named therein although he had only an inchoate dower interest in the lot and the notice actually was served on him; and that the zoning use of the lot, due to its size and other zoning requirements, would prohibit use of the lot for a single-family dwelling.

We cannot condone the nonpayment of taxes where lawfully due, nor the failure of the owners of the real estate to pay the same over the intervening period of some four years prior to this proceeding, yet we are bound by the strict statutory language applicable.

Titles based upon a tax deed are authorized by statute in order to provide revenue to the taxing bodies. A tax-sale purchaser must strictly follow all requirements of the applicable statutes in order that he may thus be vested with title contrary to the rights of the theretofore rightful owner.

Paragraph 716a of chapter 120, Ill Rev Stats 1965, provides that:

"The County Collector shall include in the advertisement and in the application for judgment for sale under this section the total amount of all general taxes upon said tracts of land or lots which

131

are delinquent as of the date of the advertisement; . . ."

Paragraph 726 of chapter 120, Ill Rev Stats 1965, provides that a person offering to pay the amount due on each tract or lot for the least percentage interest penalty upon redemption thereon shall be the purchaser (except no bid shall be accepted for a penalty greater than twelve per cent of the amount of the tax). Thus, the purchaser's bid is a percentage and not an amount in dollars.

Paragraph 728 of chapter 120, Ill Rev Stats 1965, provides:

"The person purchasing any tract or lot, . . . shall forthwith pay to the collector the amount charged on such tract or lot, and on failure so to do, the tract or lot shall be again offered for sale in the same manner as if no such sale had been made; and in no case shall the sale be closed until payment is made, or the tract or lot again offered for sale. Provided, in counties having a population of 500,000 or more, . . . only the taxes, special assessments, interest and costs as advertised in the sale shall be required to be paid forthwith in cash. The general taxes charged on the land remaining due and unpaid, not included in the advertisement, shall be paid by the purchaser within 10 days after the sale, . . . ."

Thereafter the section provides for an extension of the 10 days in certain situations, and provides that if the purchaser fails to complete his purchase it shall become void but the collector "shall not refund the amount paid in cash at the time of the sale, except in cases of sale in error. . . ."

██ It seems clear that the Legislature, in enacting these provisions, deemed it desirable that in a county of large population, doubtless due to the large number

132

of probable tax sales, the purchaser at a tax sale pay in cash on the day of sale the amount for which sale of the lot was advertised and that a period thereafter (such as the minimum of 10 days after sale) be given for the collector to make his up-to-date of sale calculations of any additional taxes, interest and costs due since the date of application for sale and advertisement. No doubt, also, the immediate cash payment on date of sale is required because presumably that would constitute the major amount to be paid. Also, the purchaser would have paid and could not change his mind in the making of the purchase. In any event, the statutory provisions clearly constitute a statutory framework and schedule that contemplate first an advertisement of the sale which includes the total amount "charged," the payment of that amount by the purchaser at the time of sale, and in default thereof further sale, and thereafter a computation of the general taxes and charges on the land remaining due and unpaid and not included in the advertisement, and the payment of that amount by the purchaser within 10 days of the sale.

In Coombs v. Steere, 8 Ill App 147, 151 (1st Dist 1881), the court did state:

> "So long as the purchaser is ready to pay it rests wholly with the collector when he will accept payment, and with the exercise of his discretion in this regard the owner of the land has nothing whatever to do, as he cannot be injuriously affected by it. This is one of those directory provisions of the statute which in no wise concern the owner of the land, as to whom the sale is complete upon the land's being struck off, if followed by payment when required by the collector. . . ."

However, since that decision, and indeed perhaps because of it, the statutory provision has been substantially changed and the present timetable and procedure

133

have been provided by statutory amendment. In Orchel v. Wittbold, 9 Ill App2d 307, 132 NE2d 825 (1st Dist 1956), the court made reference to the statute as it now exists, and as to the procedure and timetable observed (132 NE2d at 827):

> "Under Section 728 a purchaser at a regular public tax sale pays forthwith the amount charged on such tract or lot and has ten days within which to pay *all taxes charged on the land remaining due and unpaid.* If he fails to complete his purchase by paying all back taxes the purchase becomes void but the Collector does not refund the amount paid in cash at the time of the sale. Instead, that amount is treated as a payment and is distributed to the taxing bodies as other collections are distributed. However, a lien remains on the land in favor of the purchaser until paid with interest at 5%. . . ." (Emphasis in original.)

The language of Mr. Justice Schwartz in Orchel enumerates the procedure presently required to be followed, although the specific issue submitted for determination in that case relates to the right to enforcement of a lien for taxes in a court of equity.

It is true, as the appellee-purchaser asserts, that in Leavitt v. S. D. Mercer Co., 64 Neb 31, 89 NW 426 (1902), the Supreme Court of Nebraska, in construing its tax statute, determined that the word "forthwith" as used in its statute must be given a reasonable construction consistent with the exigencies of business and that when so construed "forthwith" necessarily would permit of a time after the sale to permit the county treasurer to become prepared to receipt for the monies due as a result of the sale. The inapplicability of that case here seems to us to be apparent when it is noted that the Legislature provided a period of 10

days to make computations as they relate to nonadvertised delinquent amounts.

■ ■ We are aware of the cases holding that "absolute perfection" is not required in tax-foreclosure proceedings. People v. Orth, 21 Ill2d 205, 171 NE2d 626 (1961); People v. O'Keefe, 18 Ill2d 386, 164 NE2d 5 (1960). Absolute perfection is not required and we should not permit purely technical objections to thwart statutory provisions to ensure the collectibility of taxes. We cannot, however, under the guise of construction, restructure the statutory framework and thereby forgive noncompliance with the clear legislative mandate.

■ In the instant case the tax-deed petitioner's predecessor-in-interest did not pay the advertised delinquent tax amount of $1,013.71 on this lot on the day of sale. Some eleven days later it delivered its check to the County Collector for $60,519.59, representing payment for the taxes due on this and numerous other parcels of land. It appears that check was delivered within twenty-four hours after the County Collector's office advised the bidder of the total amount of all of its bids.

The tax-sale purchaser's assignee and the County Collector contend that, as a practical matter, a number of days is required for the Collector to compute the interest due to the date of sale and bills are checked with the buyer's list to avoid errors. The Collector points out a series of steps which is carried out to recap the entire purchases of a bidder. The contention that the procedure employed in this case is administratively more feasible than the statutory procedure is a matter cognizable in a legislative, not a judicial, forum.

The tax-sale purchaser contends that the delay in payment was solely for the convenience of the County Collector and that a delinquent taxpayer cannot now challenge the same.

135

The statute clearly requires payment "forthwith" and payment "forthwith in cash" of the amount advertised, and provides an additional period "within 10 days after the sale" to pay any additional sums due or further additional time under certain circumstances. Moreover, the additional language of the statute referring to the date of sale confirms that payment on the date of sale of the amount advertised is required.

The long course of conduct of the office of county collector and the details required to ultimately complete a sale may well cause delay in determining the total sum to be paid. The statute, however, seeks to bind the purchase by immediate payment for the purpose of providing immediate revenue. The purchaser must strictly follow the clear statutory provisions.

As to the appellants' contention that Walter N. Stuckslager as spouse of the titleholder was entitled to but did not receive proper notice of the application for deed since his name was not specifically stated in the heading of the notice, we cannot agree. He was duly served with the notice which was directed to "the . . . owners of or parties interested in such real estate. . . ." Such a notice was in full compliance with the statutory requirements (Ill Rev Stats 1965, c 120, pars 744 and 747).

Appellants' final contention in the trial court was that the subject lot was too small alone for a single-family dwelling under the applicable zoning ordinance of the village of Northfield and that if a tax deed were granted to petitioner the use of the lot would become illegal. Appellants have not urged the same on appeal. Hence, they have abandoned and waived this point, so that we need consider it no further.

The objections interposed by the appellants to the petition for a tax deed should have been sustained. The judgment of the Circuit Court of Cook County is

reversed and this cause is remanded to that court for further proceedings consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

SMITH and TRAPP, JJ., concur.