(No. 35933.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ANNA C. ORTH *et al.,*—(IRVING C. HIRSCH *et al.,* Appellants.)

*Opinion filed January 20, 1961.*

TELLER, LEVIT & SILVERTRUST, of Chicago, (JULIAN I. SILVERTRUST, and JOSEPH L. MATZ, of counsel,) for appellants.

JOHN R. WALL, and J. CLAYTON MACDONALD, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a tax foreclosure action brought in the name of the People of the State of Illinois as a result of nonpayment of general taxes and special assessments on a certain parcel of ground situated in the village of Lincolnwood. The action in regard to this parcel, as to the defendants here in-

volved, was one of many such proceedings commenced by the filing of a complaint in July of 1957.

An understanding of the issues presented by this appeal requires a somewhat detailed and chronological statement of the proceedings. At the time this action was instituted an affidavit as to unknown owners was filed, and following that, on July 19, an affidavit of publication was filed in the proceedings by an assistant State's Attorney, stating that due and diligent inquiry had been made to find Ann Hirsch and Irving Hirsch, defendants in the action, and to ascertain their respective places of residence, and that upon due inquiry they could not be found, and that process could not be personally served. Unknown heirs and devisees of the defendants were served by publication as unknown owners. The defendants were served by publication.

After the defendants were served by publication, the record indicates that, on August 12, 1957, summons was returned by the sheriff showing service on Ann Hirsch personally and service on Irving Hirsch by leaving a copy of the summons at his usual place of abode with Ann Hirsch, his wife. The return of the sheriff also recited the mailing of a copy of the summonses to each named defendant at a stated address. It thus appears that the defendants were first served by publication and then, thereafter, were served by summons as above outlined.

On September 20, 1957, an order of default was entered, and on the same day a decree of foreclosure and order of sale were entered. Betty M. Ulie was the successful bidder at the tax sale held on October 15, 1957, pursuant to the decree of sale. The certificate of purchase obtained by this bidder was subsequently assigned to one Leona Klein. On November 12, 1957, a decree confirming the sale was entered.

On August 25, 1959, the defendants Hirsch filed a petition to vacate and set aside the decree. In their petition they recited the acquisition by them of the property in ques-

tion in the year 1953, and described the lot involved in this proceeding as being one with 25-foot frontage, and in that petition and related documents the petitioners assert that they first learned of the foreclosure in July of 1958, and that having once learned of the foreclosure, they undertook negotiations with the purchaser at the tax sale to sell the purchaser their equity in the premises. These negotiations were being carried on when, in July of 1959, the defendants Hirsch received notice from the purchaser of the purchase and sale and further notice that the period of redemption would expire on October 15, 1959.

The petition to vacate the decree for the sale of the property was set for hearing on September 17, 1959, and the hearing was commenced on that day and continued from time to time thereafter, at the request of the defendants, until January 20, 1960, at which time the petition was denied.

On the date of January 20, 1960, when the parties were in court, and at the time the petition to vacate the decree for the sale of the property was denied, the assignee of the certificate of purchase filed a petition asking that a tax deed be issued, and a decree directing the issuance of a tax deed was entered by the court on that day. After the entry of the decree for the issuance of a tax deed, the defendants filed a motion to vacate the decree for the issuance of a tax deed, which motion was denied. The defendants now appeal from the ruling denying the petition to vacate the decree of foreclosure and also appeal the denial of the motion to vacate the decree directing the issuance of a tax deed.

Inasmuch as a freehold estate is involved in that a reversal of the orders appealed from would deprive the tax purchaser of a freehold, this court has jurisdiction on direct appeal. *People* v. *Hess, 7* Ill.2d 192.

It is the position of the defendants on this appeal that the court below lacked jurisdiction to enter the decree of

foreclosure and order of sale because of alleged lack of personal service of summons. Jurisdiction is further questioned as to the order for the issuance of a tax deed in that no notice of the petition was given to the defendants Hirsch. We shall consider these contentions with reference to jurisdiction in the order stated.

The defendants contend that the presumption in favor of the validity of the personal service as indicated by the sheriff's return was overcome by their testimony and that of one other witness that the defendants were not in Illinois on the day of the purported service. The record in this respect does contain contradictory testimony. However, on the record before us it cannot be said that the defendants proved by clear and convincing evidence that they were not served with summons. The trial court's findings will not be disturbed unless this court finds the same to be manifestly against the weight of the evidence. *Mortell* v. *Beckman,* 16 Ill.2d 209, and cases there cited.

The statute with reference to the foreclosure of a tax lien requires that all persons whose interests are to be foreclosed should be named defendants. Service on the named defendants is required to be made either personally or by publication, dependent upon the facts of any particular case. Where there are no record owners and where the tax records do not disclose how the real estate was last assessed for taxes, or in the event of unknown owners, service is by publication. The record demonstrates that, in the present case, the facts were such that service by publication was all that was required. In this connection, see *Copeland* v. *Copeland,* 16 Ill.2d 11, and section 216 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 697). In the present case, although the facts were such as to justify service by publication alone, the record indicates that service was both by publication and by personal service on the defendants.

Thus, it is apparent that the position of the defendants,

that the court below lacked jurisdiction to enter the decree of foreclosure by reason of lack of service, is not well taken and the circuit court properly denied the petition to vacate the foreclosure proceedings.

We next must determine whether or not the Revenue Act requires notice of the filing of a petition for a tax deed in the foreclosure proceedings and, if so, whether the absence of notice is such a defect as to invalidate the proceedings.

Sections 266 and 266a of the Revenue Act, (Ill. Rev. Stat. 1959, pars. 747 and 747a,) provide for the filing of a petition for a tax deed in the proceeding in which the foreclosure decree was entered. Notice of the filing of the petition and of the hearing on the petition is to be given in conformity with rule or practice of court in regard to motions as in other civil actions. It is there provided, however, that the purchaser at the tax sale or the assignee of the certificate of purchase may, if he desires, give notice of his intention to apply for a tax deed at the same time that he gives notice of his purchase, which is required to be not less than three months prior to the date when the time of redemption shall expire.

The notice thus required could, in fact, be given some three months prior to the actual application or petition for a tax deed. The notice required in the above-mentioned sections, therefore, is not such as to be an absolute condition precedent to the issuance of a tax deed. Rather, the foregoing sections outline a statutory procedure to be followed. In the present case, the parties were in court involved in a hearing on the earlier petition to vacate the foreclosure decree. The petition for an order for the issuance of a tax deed was filed on the day that the parties were in court and the order was entered on that same day. The record in this case clearly demonstrates that the defendants had actual notice of the entire proceeding, and to require the assignee of the certificate of purchase to give

them a written notice under the circumstances of this case would be an idle gesture. The defendants could not have been materially prejudiced by any failure to give such notice under the facts and circumstances of the present proceeding.

It seems obvious from reading this record that the defendants acquired such interest as they may have owned in the property in March of 1953 and made no effort to pay the taxes or to place their names of record on the tax-record books or in any other way to ascertain any information about taxes until sometime in July of 1958. At that time and from that time forward, the defendants had full and complete knowledge of this proceeding and participated therein at length. When the petition for the issuance of a tax deed was filed on January 20, the defendants had complete knowledge of the entire proceeding and had, by their own tactics, obtained for themselves some 95 days additional time over and above the redemption period, during which time they were in a position to protect such interest as they may have had in the property. As we said in the case of *People* v. *O'Keefe,* 18 Ill.2d 386, absolute perfection is not required in a tax foreclosure proceeding or in a petition for a tax deed, but, rather, it is only required that a reasonable opportunity be given to interested parties so that they may protect their interests.

For the reasons stated, the orders of the superior court of Cook County denying the appellant's petition to set aside the foreclosure decree and the motion to vacate the decree directing the issuance of the tax deed were correct and are affirmed.

*Orders affirmed.*