92 Ill. App.3d 603 (1980)
416 N.E.2d 25
In re APPLICATION OF COOK COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR.  (GEORGE MERGILI, Petitioner-Appellant,
v.
MIDWEST CONCRETE PRODUCTS COMPANY, Objector-Appellee.)
No. 80-647.
Illinois Appellate Court  First District (1st Division).
Opinion filed December 29, 1980.
Rehearing denied January 26, 1981.
Robert S. Cushman, Minard E. Hulse, Jr., and Thomas J. McNulty, all of Keck, Mahin & Cate, of Chicago, for appellant.
Crandell & Hoag, of Evanston (Rosaland M. Crandell, of counsel), for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:
George Mergili (petitioner) filed a petition for issuance of a tax deed on property sold for delinquent taxes. Midwest Concrete Products Company (respondent), a mechanic's lien claimant, filed an answer to the petition. After an evidentiary hearing, petitioner rested and the trial court denied petitioner's application. Petitioner appeals.
The parcel in dispute was sold at the Cook County Collector's sale on November 24, 1976, for delinquent general taxes for 1975. The tax buyer, First Lien Company, assigned its interest to petitioner. On August 21, 1978, petitioner filed a petition and notice for issuance of a tax deed. The notice stated the parcel had been sold for delinquent taxes and the period of redemption from the sale would expire on December 26, 1978. The owners of the property failed to redeem by that date. On January 31, 1979, petitioner filed an application for a tax deed.
Notice of this application was served by petitioner upon the interested *604 parties including the respondent. The respondent had filed a claim for mechanic's lien upon the subject property on March 20, 1975. Respondent objected to the issuance of the tax deed to petitioner.
The current applicable statute (Ill. Rev. Stat. 1977, ch. 120, par. 744) contains a specimen form of notice to be "completely filled in":
"Property located at________________________________ _____________ Legal Description or Permanent Index No_________________________________________________"
The designation and blank space for location of the property does not appear on the notice here. The second designation was set out in the notice. It contained the complete legal description of the property by metes and bounds and the permanent index number. Immediately thereafter, the words "located in the village of Niles, Illinois" were added. As the legal description shows, this property is an irregular parcel of 10 sides.
In denying the issuance of the tax deed, the trial court found the notice of August 21, 1978, was insufficient because "the blank following the words `Property located at' on the statutory notice * * * was not completed" and the legal description and permanent index number of the property did not provide an adequate description.
Paul Peterson, assistant title officer in the Chicago Title Insurance Company, and a title examiner for 8 1/2 years, testified he had examined the parcel in June and August of 1978. It contained four uncompleted and unoccupied buildings. Construction on these improvements had apparently ceased. No street numbers appeared on any of the buildings. There were no streets or curbing on the property. The witness located the property by use of a survey. Peterson testified the parcel was landlocked as shown by the survey received in evidence. No streets abutted upon or were adjacent thereto. To the south there were four completed buildings. To the west there were abandoned concrete foundations. Near the foundations, not contiguous to the parcel in question but to the west thereof, there was a 40-foot strip running north and south that was dedicated as Dee Road on November 2, 1978. This road intersected with Golf Road to the south. The Green Lake Shopping Center is located to the south of the subject property and at the intersection of Golf Road and the strip dedicated as Dee Road.
Paul Peterson further testified he had examined some thousands of mechanic's lien claims. The majority thereof described the various properties by legal description and street address. A number of mechanic's liens were filed against the property involved in the instant case. All of those claims described the property by its legal description. Similarly, the lien claim filed by the respondent described the subject property by the legal description without street address.
*605 It also appeared the permanent index number given to the subject property had resulted from a tax division which had been worked out by the owner of the property with the office of the Cook County Assessor. The division for tax purposes had been made on April 16, 1975. There is also testimony in the record that the subject property, bearing permanent index number XX-XX-XXX-XXX, may be located on the Sidwell maps kept in the office of the Cook County Clerk. The evidence shows the subject property is located in Niles, Illinois, but it is served by the post office in Des Plaines, Illinois.
In this court, petitioner contends the description of the property in the notice complied strictly with all statutory requirements. It urges no further description was necessary because the notice contained both the legal description and permanent index number and providing a more specific address was impossible and unnecessary.
The respondent, the objector, urges the form of the notice served by petitioner upon the owner and interested parties did not comply with the statutory requirements, as the applicable statute in its present form is mandatory in requiring completion of the statutory notice.
The Illinois Constitution of 1970 provides in article IX, section 8(b), for the right of redemption from all sales of real estate for "non-payment of taxes or special assessments" for a period "not less than two years following such sales." Article IX, section 8(b), also provides:
"Owners, occupants and parties interested shall be given reasonable notice of the sale and the date of expiration of the period of redemption as the General Assembly provides by law."
The General Assembly has implemented this provision by providing, effective July 1, 1971 (Ill. Rev. Stat. 1977, ch. 120, par. 744):
"A purchaser or assignee shall not be entitled to a tax deed to the premises sold unless [within a certain time] he gives notice of the sale * * * to the owners, occupants and parties interested in the premises as hereafter provided."
This section also prescribes the form of the notice as above set forth.
In addition, the pertinent statute requires that "[t]he court shall insist on strict compliance with the provisions of Section 263 [ch. 120, par. 744] of this Act * * *." Ill. Rev. Stat. 1977, ch. 120, par. 747.
It seems clear to us that these provisions of the Constitution and of the Revenue Act are binding and salutary directions which should be fully complied with. "A court should not direct the county clerk to issue a tax deed until it is satisfied that the requirements of the Revenue Act have been met." (Smith v. D.R.G., Inc. (1976), 63 Ill.2d 31, 36, 344 N.E.2d 468.) Thus, the central and dispositive issue in the case before us is the sufficiency of the statutory notice as viewed against the background of all of the facts and circumstances in the record.
*606 We are unaware of any authority dealing with the unique problem presented by this record. The respondent cites Knoll Development Co. v. John Allan Co. (1973), 12 Ill. App.3d 12, 297 N.E.2d 213. That case dealt with a notice which presented apparent defects. (12 Ill. App.3d 12, 16.) Also, it does not appear from the opinion that the property there had no street address as is the situation in the case at bar. Petitioner cites a number of cases commencing with Garrick v. Chamberlain (1880), 97 Ill. 620. None of these authorities are factually similar. The respondent also cites cases going to the issue of whether the statute is directory or mandatory. (See Hoffman v. Stuckslager (1970), 121 Ill. App.2d 129, 257 N.E.2d 248, reversed (1971), 48 Ill.2d 262.) That is not the decisive issue in this case. Since there is no street number in existence, this information could not possibly be provided if the statute is or is not mandatory.
We find two independent factors operative in the instant case which require us to conclude the notice was ample and constituted a sufficient compliance with the legal requirements.

I.
In the absence of a street address, there would seem to be no substitute in this case which would be equally satisfactory. It is difficult to imagine what other steps petitioner here could have taken to identify the subject property for all concerned beyond the legal description, the permanent index number, and the general location of the property in Niles. The landlocked situation of the property prevents reference to any abutting street. We reject the suggestion of respondent that the petitioner could have resolved this problem by a statement in the notice that the subject property was near Green Lake Shopping Center or the nearby Green Lake Apartments. This information would have had no practical effect. With the information supplied by the notice as served and the simple use of available Sidwell maps, any reasonable person could readily locate the property.
It is essential to note the statutory provision concerning the permanent index number assigned to the subject property. The applicable statute (Ill. Rev. Stat. 1977, ch. 120, par. 482(23)) provides that where an index number has been assigned to a parcel of real estate:
"* * * such index number shall constitute a sufficient description of the real estate to which it has been assigned, wherever a description of the real estate is required under any Section of this Act."

II.
The next matter is to attempt to gauge the effect of this situation upon the rights of the parties hereto. One cogent reason for the strict *607 notice requirement is the generally known fact that persons of limited knowledge or education may readily overlook the payment of taxes or, in good faith, be unable to make payment. The resulting loss of the property might constitute a financial disaster.
In the instant case, we are dealing with a mechanic's lien claimant. This respondent was fully aware of the legal description and of the actual location of the subject property. We would assume the respondent here delivered materials to or performed labor upon the property. (Ill. Rev. Stat. 1977, ch. 82, par. 1.) Any addition to the notice would have been superfluous for protection of the rights of this respondent.
On the contrary, the record in the instant case "clearly demonstrates that the defendants [respondent] had actual notice of the entire proceeding * * *." (People v. Orth (1961), 21 Ill.2d 205, 210, 171 N.E.2d 626.) In Orth, the defendants were served by publication and by service of summons. However, a question was raised by defendants directed to the validity of the sheriff's return of service as contrasted with direct testimony that they were not within the State of Illinois on the date of the alleged personal service. (See Orth, 21 Ill.2d 205, 209.) It follows that as in Orth, "[t]he defendants could not have been materially prejudiced by any failure to give such notice under the facts and circumstances of the present proceeding." Orth, 21 Ill.2d 205, 211.
For these reasons we conclude the notice given to respondent was an ample compliance with applicable law. The order appealed from is accordingly reversed and the cause is remanded with directions for further proceedings in conformity with the views above expressed.
Order reversed; cause remanded with directions.
McGLOON and O'CONNOR, JJ., concur.