*In re* APPLICATION OF COOK COUNTY COLLECTOR.—(RON OHR, Petitioner-Appellee, *v.* PRAIRIE MATERIAL SALES, INC., Objector-Appellant.)

First District (5th Division)    No. 80-579

Opinion filed September 4, 1981.

Richard M. Kates, of Chicago, for appellant.

Swanson, Ross, Hanfling & Block, of Chicago (Frederick S. Stein, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Petitioner Ron Ohr purchased two vacant lots at a tax sale and, after the redemption period expired, petitioned for tax deeds. Respondent Prairie Material Sales, Inc., objected to the petition on the grounds that petitioner failed to comply with the requirements of sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, pars. 744, 747). The trial court overruled the objections and ordered the county clerk to

issue the tax deeds. The dispositive issue on appeal is whether the notices sent by petitioner are fatally defective under sections 263 and 266.

The material facts can be briefly stated. The vacant lots are in an unimproved part of the Village of Bridgeview. However, the notices sent by petitioner mistakenly identify the property as being in the bordering municipality of Hickory Hills.

The trial court expressly found that these notices complied with the requirements of the Revenue Act and, now, petitioner argues that this finding should be upheld on the grounds that it is not contrary to the manifest weight of the evidence. We find this argument unpersuasive because the issue in this case is a question of law, and not fact. Consequently our scope of review is independent rather than deferential. Ill. Rev. Stat. 1979, ch. 110A, par. 366(b)(1).

It is undisputed that a petitioner for a tax deed must give, to owners, occupants and other persons interested in the property, written notice of both the petition and the date when the redemption period will expire. (Ill. Rev. Stat. 1979, ch. 120, pars. 744, 747.) These statutory provisions implement the notice requirements of article IX, section 8(b) of the 1970 Illinois Constitution. Compliance with these provisions is a condition precedent to the issuance of a tax deed. Ill. Rev. Stat. 1979, ch. 120, par. 744.

Section 263 includes a sample notice form. The relevant part of the model form reads as follows:

"THIS PROPERTY HAS BEEN SOLD
FOR DELINQUENT TAXES

Property located at ........................................
Legal Description or Permanent Index No. ....................
............................................................"

According to the directions, this form, "shall be * * * completely filled in." (Ill. Rev. Stat. 1979, ch. 120, par. 744.) The notices sent by petitioner include the correct permanent index numbers for the lots, but, despite the fact that the property is located in Bridgeview, the notices state that the lots are located in Hickory Hills.

Petitioner relies on *People v. Orth* (1961), 21 Ill. 2d 205, 211, 171 N.E.2d 626, 629, for the proposition that "absolute perfection is not required in a tax foreclosure proceeding or in a petition for a tax deed * * *." In essence, petitioner argues that he has substantially complied with the requirements of the Revenue Act and that substantial compliance is sufficient to entitle him to tax deeds. But, under an amendment which became effective in 1970 (Pub. Act. 76-2329), the General Assembly provided that, "The court shall insist on strict compliance with the provisions of Section 263 * * *." (Ill. Rev. Stat. 1979, ch. 120, par. 747.) Thus the

legislature clearly manifested its intention that the provisions of section 263 are to be construed as mandatory rather than being merely directory. And, in a case which involved another section of the Revenue Act, the supreme court held that a publication requirement designed for the benefit and protection of citizens was a mandatory provision. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) As a mandatory statute, strict compliance was required. *Andrews*.

■■ In light of the legislature's clear expression of intent, and the fact that these notice provisions are designed for the benefit of citizens and to protect their property from sacrifice, we conclude that the provisions of section 263 are mandatory requirements which must be strictly complied with.

Petitioner argues that respondent has not established that it was misled by the defective notices. But placing the burden on respondent to show that it was not prejudiced would mean that petitioner could obtain a tax deed without strictly complying with the statutory notice requirements. Clearly, this was not what the legislature intended. The provision for strict compliance shows that the legislature recognized the great injury that can result from the forfeiture of property rights. And it is relevant to note that property is often purchased at a tax sale for only a small fraction of its value.

■■ These factors lead us to conclude that a petitioner for a tax deed must strictly comply with the notice requirements of sections 263 and 266 without regard to whether any owner, occupant or other interested party was misled by a defective notice. In short, prejudice to respondent is assumed. Since the notices in this case placed the property in the wrong municipality, we find that they failed to strictly comply with the provisions of section 263.

■■ Next, petitioner refers us to *Garrick v. Chamberlain* (1880), 97 Ill. 620, 638, where a notice was considered valid when it described property as "lot 5, *lot* 23, in Carpenter's addition" instead of "lot 5, in *Block* 23, in Carpenter's addition." (Emphasis added.) However, that case does not aid petitioner because, unlike the defective notices in this case, we find that the mistake in *Garrick* was readily apparent on the face of the notice. When a typographical or a scrivener's error is readily apparent on the face of a notice, the error does not necessarily mean that the notice fails to strictly comply with the statutory requirements.

Additionally, petitioner refers us to *In re Application of County Treasurer* (1980), 92 Ill. App. 3d 603, 416 N.E.2d 25. We find *Mergili* inapplicable because the court stated that its resolution of that case did not depend upon deciding whether to construe section 263 as either mandatory or directory. *Mergili* stands for the proposition that compliance with section 263, whether strict or substantial, does not require a peti-

tioner to supply information that does not exist. We agree. But this does not mean that a section 263 notice complies with the statute if the information actually given is incorrect. That is the fatal flaw in the notices in this case.

For the preceding reasons we conclude that petitioner was not entitled to tax deeds, and the judgment of the circuit court must be reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.