*In re* APPLICATION OF THE COUNTY COLLECTOR OF COOK COUNTY FOR ORDER OF JUDGMENT AND SALE OF LANDS UPON WHICH GENERAL TAXES FOR FIVE OR MORE YEARS ARE DELIN-QUENT (B&W Investments, Petitioner-Appellant, v. Colonial Brick Company, Respondent-Appellee).

First District (5th Division)   No. 86—2729

Opinion filed August 12, 1988.

Phillip L. Radmer, of Chicago, for appellant.

William J. Judge, of Feiwell, Galper & Lasky, Ltd., of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Petitioner, B&W Investments, appeals from an order entered on July 18, 1986, which vacated an order of March 11, 1986, extending the date of redemption of property it purchased in a tax sale. We affirm.

On June 27, 1983, petitioner, B&W Investments, pursuant to the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 716(a)), purchased for $3,526 the lien of delinquent taxes on certain real property located in Cook County, Illinois. The owner and last assessee of the property was respondent, Colonial Brick. The initial expiration date for Colonial Brick's redemption of the property was December 27, 1983. However, pursuant to section 263 of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 744), which provides that "[t]he purchaser *** of real estate sold for non-payment of general taxes *** may extend the period of redemption for the real estate before the expiration of 2 years from the date of sale or thereafter prior to the expiration of any extended period of redemption for a period which will expire not later than 3 years from the date of sale by filing with the county clerk of the county in which the real estate is located a written notice to that effect ***, stating the date of the sale and specifying the extended period of redemption," B&W Investments on several occasions extended the final dates of redemption. On April 30, 1984, pursuant to the aforestated statutory provisions B&W Investments filed with the Cook County clerk its third written notice for extension of the redemption period to September 14, 1984.

Section 266a of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 747a) provides:

> "In tax and special assessment foreclosure proceedings the purchaser or assignee shall file a petition for a deed in the proceeding in which the foreclosure order was entered. Notice of the filing of the petition and of the hearing on the petition shall be given in conformity with rule or practice of court in regard to motions as in other civil actions."

On May 1, 1984, B&W Investments filed its petition for a deed pursuant to the aforesaid provision of section 266 of the Revenue Act. On July 10, 1984, B&W Investments filed a motion to extend the redemption period to November 15, 1984, and on that same day, July 10,

1984, the trial court granted the extension of the redemption period to the requested date of November 15, 1984. On August 13, 1984, however, pursuant to a letter sent to the Cook County clerk, B&W Investments extended the redemption period to December 3, 1984. Two years later, on February 24, 1986, B&W Investments filed, in the foreclosure proceedings, its second motion to extend the redemption period to June 27, 1986, and on March 11, 1986, the trial court granted B&W Investments "leave of court to extend the last date of redemption" to June 27, 1986.

Section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e)) provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Pursuant to this provision, on April 7, 1986, Colonial Brick filed amotion to set aside the order of March 11, 1986, which extended the final date of redemption to June 27, 1986. In its motion, Colonial Brick maintained that it never received notice of B&W Investments' February 24, 1986, motion to extend the final date of redemption to June 27, 1986. After a hearing held on July 18, 1986, the trial court found that B&W Investments' petition for a tax deed filed on May 1, 1984, was not properly filed pursuant to the requirements of section 266 of the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, par. 747), that no amended petition for tax deed was timely filed, and that, therefore, B&W Investments' February 24, 1986, motion to extend the last date of redemption was untimely. The trial court entered an order granting Colonial Brick' motion to set aside the court's March 11, 1986, order and the trial court vacated the March 11, 1986, order. The trial court entered a further order denying B&W Investments' petition for a tax deed. The order additionally provided that there was no just reason to delay enforcement or appeal of the order.

On August 18, 1986, B&W Investments filed a motion to vacate the trial court's July 18, 1986, order which set aside the March 11, 1986, order extending the final date of redemption and which dismissed B&W Investments' petition for a tax deed. On September 5, 1986, the trial court denied B&W Investments' motion to vacate. B&W Investments now appeals and challenges the trial court's finding that B&W Investments failed to give the requisite notice to Colonial Brick of its petition for a tax deed.

■■ ■ The Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 744) requires that parties interested in the premises which are the subject of a tax sale must be given notice of the sale and of the expiration of

the period of redemption and that notice of the expiration of the period of redemption must be given not less than three nor more than five months prior to the expiration date. Owners, occupants and parties interested in the premises must receive personal notice, whereas unknown owners or unknown parties interested in the premises may be served by publication. A tax sale purchaser is not entitled to a tax deed at the expiration of the period of redemption unless notice to the parties interested in the premises is effected in strict compliance with these aforementioned statutory notice requirements. It is further provided in section 263:

> "A purchaser or assignee shall not be entitled to a tax deed to the premises sold unless not less than 3 months nor more than 5 months prior to the expiration of the period of redemption he gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants and parties interested in the premises as hereafter provided." Ill. Rev. Stat. 1983, ch. 120, par. 744.

Section 263 additionally requires that the notice advise the parties interested in the premises that the property has been sold for delinquent taxes and the date on which the period of redemption from the sale will expire. Section 263 also provides that the notice inform the parties interested in the premises that a petition has been filed for a tax deed which will transfer title and the right to possession of the property if redemption is not made on or before a designated redemption expiration date. It is further required that the notice advise the parties of the right to be present at the hearing and that their right to redeem the property will already have expired at the time of the hearing. The notice must also state "YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY," and that redemption can be made at any time on or before the redemption expiration date by applying to the Cook County clerk at the county courthouse and that for further information to contact the county clerk. Strict compliance with these provisions is a condition precedent to the issuance of a tax deed. *In re Application of Cook County Collector* (1981), 100 Ill. App. 3d 178, 179-80, 426 N.E.2d 947; Ill. Rev. Stat. 1983, ch. 120, par. 744.

Petitioner argues that there was substantial compliance with these notice requirements of the Revenue Act, which entitled him a tax deed. But, under an amendment to the Revenue Act which became effective in 1970 (Pub. Act 76—2329), the General Assembly provided, "The court shall insist on strict compliance with the provisions of Section 263 ***." (Ill. Rev. Stat. 1983, ch. 120, par. 747.) Thus the legisla-

ture clearly manifested its intention that the provisions of section 263 of the Revenue Act be construed as mandatory rather than being merely directory.

On June 27, 1983, a parcel of Cook County real estate owned by Colonial Brick was sold to B&W Investments for delinquent taxes. Under the Revenue Act Colonial Brick had until December 27, 1983, to redeem the property. the final date of redemption was twice extended. On December 15, 1983, the final date of redemption was extended to June 8, 1984, and on April 30, 1984, the final date of redemption was extended to September 14, 1984. Despite the fact that the redemption period was twice extended, petitioner argues that on May 1, 1984, when the petition for deed was filed, there was compliance with section 266 in that the petition was filed five months prior to the final date of redemption of September 14, 1984. We disagree.

■■ Petitioner ignores the fact that the final date of redemption was thereafter again extended on two occasions. On July 10, 1984, pursuant to petitioner's motion to extend, the trial court extended the redemption period to November 15, 1984, and again on August 1, 1984, pursuant to petitioner's motion the trial court again extended the final date of redemption to December 3, 1984. The final date of redemption was December 3, 1984. A petition for deed would have been timely filed only if filed after July 3, 1984. However, no such petition was filed. In light of the legislature's clear expression of intent that the notice provisions are designed to protect citizens in their property right, the trial court concluded that B&W Investments had not adequately complied with the mandatory provisions of section 263 in giving Colonial Brick notice of B&W Investments' February 24, 1986, motion to extend the final redemption date to June 27, 1986. The record supports the trial court's finding and we are presented with no adequate basis for reversing the trial court. Therefore, petitioner, B&W Investments, was not entitled to a tax deed at the expiration of the redemption period.

Lastly, petitioner contends the trial court's order of March 11, 1986, permitting the petitioner to extend the last date of redemption to June 27, 1986, was a nonfinal order.

■■ A final order is one which fixes, determines, and disposes of the parties' rights regarding the litigation or some definite, separate part of the litigation. *Village of Burnham v. Cook* (1986), 146 Ill. App. 3d 124, 496 N.E.2d 1034; *La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 178 N.E.2d 412.

To determine the finality of an order, the court must consider its substance rather than its form. (*Frye v. Massie* (1983), 115 Ill. App. 3d

48, 450 N.E.2d 411.) An order which leaves the cause still pending and undecided is not a final order. *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.

█ The March 11, 1986, order extending the period of redemption was not a final order. The order did not determine or dispose of the parties' rights, title or interest in the real estate involved. The order merely extended the time within which the respondent could redeem the parcel of land from the tax sale. The order left the cause pending and undecided. Consequently, it was not a final order.

█ The petitioner further maintains that the trial court erred in entering the July 18, 1986, order which vacated the March 11, 1986, order extending the period of redemption to December 3, 1986, under the authority of section 2—1301(e) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e)). Petitioner argues that the March 11, 1986, order extending the redemption period was not a default order and that section 2—1301(e) of the civil code applies only to default orders.

When the March 11, 1986, order was entered, the petitioner had failed to give respondent the requisite notice of petitioner's February 24, 1986, motion to extend the final date of redemption to December 3, 1986. Therefore, although the March 11, 1986, order granting the extension of the redemption period was not a default order, it is apparent that the trial court was merely acting to correct the error it committed when it granted the petitioner's February 24, 1986, motion to extend the redemption period to December 3, 1986. The purpose of a motion to vacate is to alert the trial court to errors it may have committed and thereby afford it an opportunity to correct them. *Altek, Inc. v. Vulcan Tube & Metal Co.* (1979), 79 Ill. App. 3d 226, 398 N.E.2d 240.

Furthermore, when the trial court entered the order appealed from on July 18, 1986, both the statutory time to which the period of redemption could be extended and the statutory time to file an appropriate petition for a tax deed had lapsed. Thus, the court's only alternative was to grant Colonial Brick's motion to vacate and dismiss B&W's untimely petition for a tax deed.

Although death and taxes are the only things certain in life, application for tax deeds depends on the time and notice requirements fixed by a fickled legislature.

For the foregoing reasons, the finding and order of the trial court are affirmed.

Affirmed.

SULLIVAN and MURRAY, JJ., concur.