572 N.E.2d 1107 (1991)
213 Ill. App.3d 535
157 Ill.Dec. 643
In the Matter of the Application of the COUNTY TREASURER and ex-Officio County Collector of Cook County, Illinois, for Order of Judgment and Sale of Lands and Lots upon Which all or Part of the General Taxes for 5 or More Years are Delinquent Pursuant to Section 235A of the Revenue Act of 1939, as Amended
City of Chicago, Petitioner-Appellee,
v.
Jesse L. Johnson, Jr., as Trustee under Trust Agreement dated November 7, 1985, and known as Trust Number 1301, Respondents-Appellant).
No. 1-90-1479.
Appellate Court of Illinois, First District, Sixth Division.
May 3, 1991.
*1108 Rodney C. Slutzky, Chicago (Claudia M. Graham, of counsel), for respondent-appellant.
Corporation Counsel, City of Chicago (Kelly R. Welsh, Lawrence Rosenthal and Jean Dobrer, of counsel), for petitioner-appellee.
Presiding Justice RAKOWSKI delivered the opinion of the court:
This appeal involves a trial court order which directed the Cook County Clerk to issue tax deeds for two vacant lots purchased at the 1987 scavenger sale. At issue is the timeliness of certified mail notices to the owner of the lots.
Section 263 of the Revenue Act of 1939 as amended (Act) provides in part:
"A purchaser or assignee shall not be entitled to a tax deed to the premises sold unless not less than 3 months nor more than 5 months prior to the expiration of the period of redemption he gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants and parties interested in the premises as hereafter provided.
* * * * * *
The purchaser or assignee shall give the above notice by causing it to be in which the real property, or any part thereof, is located * * *.
* * * * * *
If any owner or party interested upon diligent inquiry and effort cannot be found and served with notice as herein provided in the county, then the person making the service shall send a copy of the notice by registered or certified mail, return receipt requested, to such party at his residence, if ascertainable * * *.
* * * * * *
In addition to the notice required to be served not less than 3 months nor more than 5 months prior to the expiration of the period of redemption, such purchaser or assignee shall prepare and deliver to the clerk of the Circuit Court of the county in which the real estate sold is located, the notice provided for herein together with sufficient funds to effect mailing of the notice by certified mail, return receipt requested." Ill.Rev.Stat. 1989, ch. 120, par. 744.
Prior to 1987, respondent, Jesse L. Johnson, Jr., was the sole beneficial interest holder of a trust that held legal title to two vacant lots at 1737 and 1741 West Quincy, Chicago, Illinois. The county of Cook purchased these lots at the 1987 scavenger sale and assigned the Certificates of Purchase to the City of Chicago (City) which petitioned the circuit court for tax deeds on October 3, 1988. The parties agree that the period of redemption expired on February 18, 1989, and as a result, the two month window in which service was to be effectuated upon the owner was from September 28, 1988, to November 28, 1988.
Pursuant to section 263, the City published within the two month window and placed the required notices to owner with the Cook County Sheriff (Sheriff) on November 14, 1988, and with the Clerk of the Circuit Court of Cook County (Clerk) on November 22, 1988. The notice given to *1109 the Clerk was mailed to Johnson by certified mail on November 30, 1988. After unsuccessful attempts to serve Johnson were made on the 25, 26, and 27 of November 1988, the Sheriff mailed the notice to Johnson on December 28, 1988. In sum, while the notices were placed with the Sheriff and Clerk, and attempts were made to serve Johnson all within the two month window, the notices were mailed to Johnson outside of the window.
On March 20, 1989, the City applied to the circuit court for orders directing the Clerk to issue tax deeds to the lots. Following a hearing, the application was granted and on April 30, 1990, after denying a motion for rehearing, the trial court entered a final order from which respondent appeals.
The sole issue is whether sections 263 and 266 of the Act (Ill.Rev.Stat.1989, ch. 120, pars. 744, 747) require that notices to the owners of property purchased at a tax sale be mailed not less than three months nor more than five months prior to the expiration of the period of redemption. This appears to be a question of first impression.
Initially, we note that those portions of section 263 which require service by the Sheriff and registered or certified mailing of notice to the owner in the event that he cannot be found and served were added in 1976. (Pub.Act. 79-1455, eff. Sept. 30, 1976.) Prior to this, the purchaser or assignee was to effectuate service on the owner and in the event he could not be found the purchaser or assignee was to publish and further deliver a copy of notice to the city clerk. There was no provision in the old act for the eventuality of the owner not being served; it only provided for a situation wherein the owner could not be found. As a result, the old act did not require that a notice be mailed to the owner at his residence.
The parties agree that service upon the owner (where possible), publication (where service is not possible), and delivery of notices to both the Sheriff and Clerk must all be accomplished within the two month window. Where they disagree, and what is at issue, is whether these notices to the owner must also be mailed within that same time period.
While section 263 requires that "the clerk shall promptly mail the notices delivered to him by certified mail return receipt requested," (Ill.Rev.Stat.1989, ch. 120, par. 744), it does not specify whether this mailing shall be within the two month window. With respect to the Sheriff's registered or certified mailing of notice to the owner, section 263 is completely silent as to when the mailing shall take place.
The City argues that the Act does not require the Sheriff to mail the notice within the two month window, but merely states that if the owner cannot be served "then the person making the service shall send a copy of the notice by registered or certified mail, return receipt requested, to such party at his residence, if ascertainable," quoting, Ill.Rev.Stat.1989, ch. 120, par. 744. The City reasons that because the legislature used the word "then" it intended that the Sheriff could use the entire two month window to effectuate service and only if this failed was it then required to mail the notice.
"When construing a statute, a court should attempt to ascertain the legislative intent and render it effective. [Citations] To determine legislative intent, we must look to the plain meaning of the statute [Citations] and construe the terms of the statute in the context in which they appear." (People v. Dinger (1990), 136 Ill.2d 248, 257, 144 Ill.Dec. 88, 554 N.E.2d 1376.) Further, "[w]here the terms of a statute are not defined by the legislature, courts will assume that they were intended to have their ordinary and popular understood meanings, unless to do so would defeat the perceived legislative intent. [Citations] * * * In construing a statute, specific words in their commonly understood sense best indicate the legislative intendment." People v. Fink (1982), 91 Ill.2d 237, 240, 62 Ill.Dec. 935, 437 N.E.2d 623.
*1110 In applying these rules to the case of sub judice, we decline to give the importance to the word "then" as is urged by the City. According to Webster, then is defined to mean: "at that time; at the time mentioned or specified; soon after that; immediately after that; [and] next in order of time * * *." (Webster's Third New International Dictionary, 2370 (1986).) Considering the above definition and the Act's silence we conclude that the issue of when the Sheriff's mailing shall take place is capable of more than one interpretation and as a result is ambiguous. Accordingly, we must look elsewhere to determine legislative intent.
A review of the legislative debate concerning the 1976 amendment reveals the following comments from Senator Harris: "[i]t extends the time for redemption an additional 180 days. The final service must be delivered by a uniform officer * * *. It goes a long way toward curing the serious problem of unscrupulous tax sales * * *." (79th Ill.Gen.Assem., Senate Proceedings, June 25, 1976, at 160.) According to Representative Maragos, the Chairmen of the Revenue Committee, the 1976 amendment would make the Act more palatable "to the potential homeowner, to the taxpayer who's house is being taken." (79th Ill. Gen.Assem., House Proceedings, June 26, 1976, at 15.) Although existing case law is silent on the precise issue before the court, the above comments seem to be in accord with those cases which interpret the revenue article of the Illinois Constitution and the resulting legislation embodied in sections 263 and 266 of the Revenue Act. Article 9 of the Constitution of Illinois provides in part that:
"* * *the right of redemption from all sales of real estate for non-payment of taxes or special assessments, * * * shall exist in favor of owners and persons interested in such real estate for not less than two years following such sales
* * * * * *
owners, occupants and parties interested shall be given reasonable notice of the sale and date of expiration of the period of redemption as the General Assembly provides by law." Ill. Const.1970, art. IX, § 8(b)(1), (c).
Section 263 of the Revenue Act, in following the constitutional mandate, provides in part that:
"a purchaser or assignee shall not be entitled to a tax deed to premises sold unless not less than three months nor more than five months prior to the expiration of the period of redemption, he gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants and parties interested in the premises as hereinafter provided." Ill.Rev.Stat.1989, ch. 120, par. 744.
It is upon this section that respondent most relies. His argument, when boiled down, is that when the Sheriff is unable to serve the owner, the notice required by section 263 is comprised of publication and the notice to owner mailed by the Sheriff. For the following reasons we agree with plaintiff's position.
The above quoted language from section 263 is unambiguous and mandates that a tax deed shall not issue unless not less than three months nor more than five months prior to the expiration of the period of redemption the purchaser or assignee gives notice to the owner of the sale and date of expiration of the period of redemption as hereafter provided. The Act contains a sample notice and specifies that the notice must be served not less than three months nor more than five months prior to the expiration of the period of redemption. This language again is unambiguous. In a situation where the Sheriff is unable to serve the owner, the Sheriff is to mail the notice by registered or certified mail to such party at his place of residence. While the Act does not say when this mailing is to take place, it does say that notice must be given within the two month window. For *1111 the following reasons, we conclude that the notice required by the Act is comprised of the Sheriff's certified or registered mailing along with publication.
Our holding is also in accord with section 266 of the Act, which provides that "the court shall insist on strict compliance with the provisions of section 263 of this Act * * *" (Ill.Rev.Stat.1989, ch. 120, par. 747) and with case law interpreting both sections 263 and 266. In In Ohr v. Prairie Mate-Hal Sales, Inc. (1981), 100 Ill.App.3d 178, 179, 55 Ill.Dec. 622, 426 N.E.2d 947, the court held that the "strict compliance" requirement of section 266 and the Revenue Act indicated that the legislature recognized the great injury that can result from the forfeiture of property rights. (See also Application of Cook County Collector v. Colonial Brick Co. (1988), 173 Ill.App.3d 814, 123 Ill.Dec. 400, 527 N.E.2d 1038.) Another reason for this strict compliance requirement is that "persons of limited knowledge or education may readily overlook the payment of taxes or, in good faith, be unable to make payment. The resulting loss of the property might constitute a financial disaster." Application of Cook County Treasurer v. Midwest Concrete Products Co. (1981), 92 Ill.App.3d 603, 607, 48 Ill.Dec. 130, 416 N.E.2d 25.
It appears to us that the legislature was aware that tax delinquent owners need time to contact the county clerk in order that an estimate of redemption be prepared and in some instances may need additional time to arrange financing. We view sections 263 and 266 as a codification of this awareness and as such designed to provide a specific period of time from the giving of notice until an owner's redemption rights cease. Such an interpretation comports with the premise that the tax sales provisions of the Revenue Act are designed not to assist tax petitioners in taking property away from owners, but to coerce tax delinquent owners to pay their taxes. (City of Chicago v. City Realty Exchange (1970), 127 Ill.App.2d 185, 189, 262 N.E.2d 230. See also Application of County Treasurer of Du Page County v. Overton (1974), 16 Ill.App.3d 385, 306 N.E.2d 743.) For these reasons "[a] court should not direct the county clerk to issue a tax deed until it is satisfied that the requirements of the Revenue Act have been met." Smith v. D.R.G., Inc. (1976), 63 Ill.2d 31, 36, 344 N.E.2d 468.
Nor do we feel that our holding in any way serves to prejudice the tax buyer, as section 263 clearly provides that a purchaser or assignee may extend a period of redemption in the event that he is unable to strictly comply with the notice requirement. (Ill.Rev.Stat.1989, ch. 120, par. 744.) Although the City argues that it cannot control the Sheriff and therefore should not be responsible for its actions, it must be remembered that this was one of the very purposes of the 1976 Amendment (i.e. to take the giving of notice away from the tax purchaser and place it with a neutral and detached public official). In sum, we perceive no reason why an owner who is served with summons should be entitled to a greater period of notice before his redemption rights cease than one who is not served. We equate the Sheriff's registered or certified mailing to an unserved owner with service. They are alternate methods of giving the notice the Act requires. Accordingly, we hold that the notice to the owner mailed by the Sheriff does not comply with Ill.Rev.Stat.1989, ch. 120, par. 744, unless it is mailed not less than three nor more than five months prior to the expiration of the period of redemption. Although not necessary to our disposition of this case, we find no reason that the notice mailed by the clerk should not also be mailed within this same time period and we hold accordingly. As a result of the above, the judgment of the circuit court is reversed and the tax deed orders entered on February 21, 1990, are vacated.
Reversed and remanded.
EGAN and LaPORTA, JJ., concur.