JAMES ROBERT MacDONALD, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE PARK RIDGE POLICE PENSION FUND *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—97—1102

Opinion filed January 15, 1998.

Brian A. Schroeder, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellants.

Gerald J. Sullivan, of Giambrone, Sullivan & Sullivan, of Rolling Meadows, for appellee.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff's father was a retired police officer who received a retirement pension from defendant, the Board of Trustees of the Park Ridge Police Pension Fund (the Board). After plaintiff's father died, plaintiff applied to the Board for a survivor's disability pension, claiming that at the time of plaintiff's father's death, plaintiff was a dependent of his father due to a physical and/or mental disability. The Board held hearings on plaintiff's application, after which plaintiff's application was denied. Plaintiff appealed to the circuit court, which reversed the Board's decision and awarded plaintiff a survivor's disability pension. The Board appeals that decision.

Plaintiff is a child of retired Park Ridge police Lieutenant James P. MacDonald, deceased as of December 16, 1991. At the time of his death, retired Lieutenant MacDonald was fully vested in the Park Ridge police pension fund and was receiving retirement benefits in the amount of approximately $925 per month. The spouse of retired Lieutenant MacDonald, Margaret Lucille MacDonald, predeceased him on September 25, 1989.

Plaintiff made application for survivor's benefits by filing a petition with the Board on May 21, 1996, pursuant to sections 3—112(a) and (b) of the Illinois Pension Code (40 ILCS 5/3—112(a), (b) (West 1996)). He alleged that he was qualified as a survivor within the meaning of the statute to receive the retirement benefits of his

deceased father in that he was a dependent of his father due to a physical disability.

By agreement of the parties, arrangements were made for the plaintiff to be examined by Michael Grear, M.D., a physician chosen by defendant, and Bernard Stevens, M.D., a physician chosen by plaintiff. Both doctors conducted a review of medical records and performed a physical examination of plaintiff.

A hearing on plaintiff's application for survivor's benefits was held on October 11, 1996, before a quorum of the Board. Both Dr. Grear and Dr. Stevens provided testimony at the hearing.

On November 22, 1996, the Board rendered a written administrative decision entitled "Finding and Decision," which denied plaintiff's application for survivor's benefits. The basis for the denial was that "the applicant has not proven to the satisfaction of this Board by a preponderance of the evidence that he is dependent to a degree that he is entitled to dependent survivor benefits under the terms of either (a) or (b) of 40 ILCS 5/3—112."

Plaintiff filed his complaint under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)) within 35 days of receipt of the final decision of the Board and a summons was issued and served within said 35-day period. The court reversed the decision of the Board denying plaintiff statutory survivor's benefits and ordered that such benefits be retroactive to the death of plaintiff's father.

The Board has timely filed the instant appeal and asks this court to reverse the judgment of the circuit court and to affirm its decision. Plaintiff asks this court to affirm the judgment of the circuit court reversing the finding and decision of the Board.

The Board argues that the medical testimony regarding plaintiff's disability was conflicting and, as was its right, it chose to credit that medical testimony which indicated that plaintiff was not disabled. The Board also argues that even assuming that plaintiff is disabled, in order to receive survivor's disability pension benefits, he must first prove that he did not cause his disability. Plaintiff asserts that he has met his burden of proving not only that he was disabled but that he was a dependent of his father because of said disability at the time of his father's death.

The findings and conclusions of the administrative agency on questions of fact are held to be *prima facie* true and correct, and such findings will be upheld on review unless they are against the manifest weight of the evidence. *Antonelli v. Board of Trustees of the Hillside Police Pension Board*, 287 Ill. App. 3d 348, 353, 678 N.E.2d 773, 776 (1997); *Village of Winfield v. Illinois State Labor Relations Board*, 176 Ill. 2d 54, 678 N.E.2d 1041 (1997). In order to determine whether

findings and conclusions of an administrative agency are against the manifest weight of the evidence, the court must conclude that all reasonable and unbiased persons, acting within the limits prescribed by the law and drawing all inferences in support of the finding, would agree that the finding is erroneous and that the opposite conclusion is clearly evident. *Jagielnik v. Board of Trustees of Police Pension Fund*, 271 Ill. App. 3d 869, 875, 649 N.E.2d 527, 530 (1995). An administrative decision is not contrary to the manifest weight of the evidence merely because an opposite conclusion is reasonable or because the reviewing court might have ruled differently. *Antonelli*, 287 Ill. App. 3d at 353, 678 N.E.2d at 776.

■ A finding on a question of law by an administrative agency is not binding on a reviewing court. *City of Freeport v. Illinois State Labor Relations Board*, 135 Ill. 2d 499, 507, 554 N.E.2d 155, 159-60 (1990). Statutory interpretation is a question of law and an agency's interpretation is relevant, but it is not binding on the courts. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995). In interpreting a statute, the court's objective is to ascertain and give effect to the intent of the legislature, and the most reliable indicator of legislative intent is the language of the statute. *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996). Statutory language must be given its plain and ordinary meaning. *Boaden*, 171 Ill. 2d at 237, 664 N.E.2d at 65. Statutory language that is clear must be interpreted according to its terms, without aids of construction. *Branson*, 168 Ill. 2d at 254, 659 N.E.2d at 965. The construction of a statute is an issue of law that is reviewed *de novo* on appeal. *Boaden*, 171 Ill. 2d at 237, 664 N.E.2d at 65. The decision of an administrative agency will be reversed if it is legally erroneous. *Jagielnik*, 271 Ill. App. 3d at 875, 649 N.E.2d at 531. Reviewing courts may not rubber-stamp administrative decisions that are inconsistent with statutory mandates or that frustrate statutory policy. *City of Freeport*, 135 Ill. 2d at 516, 554 N.E.2d at 164. Provisions of a police pension plan are to be construed liberally in favor of those to be benefited. *Iwanski v. Streamwood Police Pension Board*, 232 Ill. App. 3d 180, 185, 596 N.E.2d 691, 695 (1992).

■ The statute whose construction is at issue, section 3—112 (40 ILCS 5/3—112 (West Supp. 1997)), provides in part:

"Pension to survivors.

(a) Upon the death of a police officer entitled to a pension under Section 3—111 [40 ILCS 5/3—111], the surviving spouse shall be entitled to the pension to which the police officer was then entitled. Upon the death of the surviving spouse, or upon the remarriage of the surviving spouse if that remarriage terminated

the surviving spouse's eligibility under Section 3—121 [40 ILCS 5/3—121], the police officer's unmarried children who are under age 18 or who are dependent because of physical or mental disability shall be entitled to equal shares of such pension. ***

(b) Upon the death of a police officer while in service, having at least 20 years of creditable service, or upon the death of a police officer who retired from service with at least 20 years of creditable service, whether death occurs before or after attainment of age 50, the pension earned by the police officer as of the date of death as provided in Section 3—111 [40 ILCS 5/3—111] shall be paid to the survivors in the sequence provided in subsection (a) of this Section."

The statute does not place a duty upon an applicant for survivor's benefits to prove that he is not the cause of his disability. Therefore the argument of the Board will be disregarded since there is no legal foundation for such an interpretation of the statute.

■ Thus, the question is whether plaintiff was disabled and dependent as required by section 3—112(a) in order to be eligible for survivor's pension benefits. While section 3—112 contains the terms "disability" and "dependent," it does not define these terms. Plaintiff proposed that the Board accept a common statutory definition of "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. This definition is not only incorporated into the Social Security Administration laws (42 U.S.C. § 423 (1994)), but in a number of Illinois statutory plans. The term "dependent" is defined in Illinois pension law as a survivor of a member who was receiving from the member at the date of the member's death at least one-half of the support for maintenance including board, lodging, medical care and like living costs. 40 ILCS 5/14—128 (West Supp. 1997) (State Employees Retirement System of Illinois). Where the terms of a statute are not defined by the legislature, courts will assume that they were intended to have their ordinary and popular understood meanings. *In re Application of the County Treasurer & ex officio County Collector*, 213 Ill. App. 3d 535, 539, 572 N.E.2d 1107, 1109 (1991).

Dr. Stevens testified on behalf of plaintiff. Dr. Stevens, whose practice specializes in disability determinations for the Social Security Administration, testified that he reviewed the written medical history provided by plaintiff. Based upon the records provided, plaintiff met the Social Security guidelines for disability based upon an impairment of morbid obesity. After conducting an independent

physical examination of plaintiff, Dr. Stevens concluded that he was totally disabled pursuant to the Social Security regulations and guidelines. Plaintiff was 100 to 150 pounds above the Social Security guidelines and, in addition, suffered from osteoarthritis and hypertension.

Dr. Grear was retained by the Board to examine plaintiff. Dr. Grear, an orthopedic surgeon, testified that plaintiff should not be found disabled under the Social Security guidelines. He further testified that plaintiff had good mobility in his knees, good ability to move around, no spinal pain, and mild arthritis in his knees, which Dr. Grear found compatible with plaintiff's age. However, in his written report to the Board, Dr. Grear indicated that, "I feel that at this time he [plaintiff] is, in fact, fully disabled." When confronted at the hearing with the relevant Social Security guidelines concerning disability based upon morbid obesity, Dr. Grear admitted that plaintiff would be properly classified as disabled based upon his obesity and hypertension.

Thus, with both Doctors Stevens and Grear admitting that plaintiff was disabled, there was no conflict in the medical testimony that the Board had to resolve. The medical findings were the same. While Dr. Grear may believe that there is a job for plaintiff, he does not base this upon his medical opinion, but upon conjecture, which is not competent evidence. Ultimately, in his written report and in his testimony, Dr. Grear admitted that plaintiff was fully disabled.

As to whether plaintiff was a dependent child at the time of his father's death, evidence was presented to establish that he was. Records from the Internal Revenue Service were admitted into evidence to show that plaintiff's father claimed plaintiff as a dependent child for the tax year prior to his death. In addition, plaintiff testified as to his actual dependency upon his father, and this testimony was uncontroverted.

Based upon the foregoing, the decision of the Board was against the manifest weight of the evidence since both doctors testified that plaintiff should be classified as disabled, and the uncontroverted evidence presented was that plaintiff was a dependent of his father. There is no requirement in the statute that plaintiff prove that he was not the cause of his disability in order to qualify for survivor's pension benefits.

Affirmed.

CERDA, P.J., and McNAMARA, J., concur.